IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE GABB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-1415-JPG-DGW |
| ) | |
| WEXFORD HEALTH SOURCES, INC., DR. ) | |
| JOHN COE, and NURSE KIMMEL, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on Plaintiff's Motion for Preliminary Injunction (Doc. 27). For the reasons set forth below, it is **RECOMMENDED** that the Motion **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff Tyrone Gabb is currently an inmate in the custody of the Illinois Department of Corrections incarcerated at Lawrence Correctional Center ("Lawrence"). Plaintiff filed this lawsuit on December 28, 2015 pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Lawrence. Plaintiff is proceeding in this matter on a deliberate indifference claim against Defendants Dr. Coe and Nurse Kimmel for failing to provide appropriate treatment and medication to manage his chronic back pain and against Defendant Wexford Health Sources, Inc. for allegedly instituting a cost-cutting policy that Coe and Kimmel

were acting in accordance with in denying him better medication and other treatment for his condition.

Plaintiff sent a letter to the Court on November 4, 2016 asking for assistance and asserting that the medical staff at Lawrence was allegedly retaliating against him due to his filing this lawsuit (*see* Doc. 27). Plaintiff's letter was construed as a motion for preliminary injunction insofar as he alleged that medical staff was now denying him all pain medication for his back condition. In support of his motion, Plaintiff attached a grievance dated September 1, 2016 wherein he indicates he has been without medication for his chronic back pain since about August 3, 2016.

Defendants responded to Plaintiff's motion on November 17, 2016 asserting that Plaintiff has received a wide range of treatment for his back condition and, since August 2, 2016, Plaintiff refused Robaxin, a medication that's purpose is to block pain sensations. Defendants also explain that Plaintiff was seen for complaints of back pain on September 20, 2016 and Plaintiff's medication administration records show that on September 28, 2016 Plaintiff was given a month supply of Mobic, an anti-inflammatory drug. The medication administration records also show that the Mobic prescription is to continue until April 5, 2017.

The Court held a hearing on Plaintiff's motion on January 19, 2017. At the hearing, Plaintiff testified that he has severe back pain from osteoarthritis and bone spurs. Plaintiff explained that in August 2016 he was taking Robaxin as prescribed to treat his pain, but, around this time, he determined that the Robaxin was no longer working and began to refuse his prescription. According to Plaintiff, he complained to Dr. Shah (who is not a defendant in this action), but was not immediately prescribed a new medication. About one-and-a-half months

after refusing his Robaxin prescription, Plaintiff was prescribed Mobic. Plaintiff testified that Mobic was not effective and, after complaining to someone on the medical staff, he was prescribed Pamelor. Plaintiff also starting refusing Pamelor as it was causing him to feel ill and, based on research conducted by his family, he believes Pamelor is a psychotropic medication rather than a pain reliever. Plaintiff has not requested any new medication since he started refusing the Pamelor. Plaintiff explained that he would intermittently go without prescriptions for pain relievers while he was between medications.

## CONCLUSIONS OF LAW

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

1. A reasonable likelihood of success on the merits;
2. No adequate remedy at law; and
3. Irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. of Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* In addition, the Prison Litigation Reform Act provides

that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents. The movant's threshold burden, however, is to show the first three factors. *Ping v. Nat'l Educ. Ass'n*, 870 F.2d 1369, 1371 (7th Cir. 1989).

Based on the evidence in the record and testimony and arguments made at the hearing, the Court finds that Plaintiff has not met his burden in showing he is entitled to a preliminary injunction in this matter. Plaintiff's motion is premised on his assertion that he is being denied medication to treat his back pain as retaliation for filing this lawsuit. Notably, at the hearing, Plaintiff made no mention of any alleged retaliation. Moreover, Plaintiff testified that he was prescribed three different medications within the last six months to treat his back pain. Despite the apparent efforts of the medical staff at Lawrence to address his complaints, he has not found a prescription pain reliever he believes is effective. Plaintiff also testified that as of the date of the hearing (January 19, 2017) he had not requested any other medication. Although Plaintiff still suffers back pain, there is no credible evidence before the Court that any of the named Defendants have intentionally denied him pain medication. Moreover, Plaintiff has not produced sufficient evidence to meet his threshold burden in demonstrating he is entitled to the extraordinary remedy of a preliminary injunction.

### RECOMMENDATIONS

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction (Doc. 27) be **DENIED**; and that the Court adopt the foregoing findings of fact and

conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: January 31, 2017**

　　　　　　　　　　　　　　　　　　　　　　　　**DONALD G. WILKERSON**
　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**